## Richmond

COMMONWEALTH OF VIRGINIA, AT RELATION OF J. E. C. DAVIS, AND OTHERS V. REEVES E. JOHNSON, CHIEF OF POLICE OF THE CITY OF VIRGINIA BEACH.

November 30, 1953.

Record No. 4123.

Present, Hudgins, C.J., and Spratley, Buchanan, Miller, Smith and Whittle, JJ.

The opinion states the case.

*James G. Martin & Sons, M. Earl Woodhouse* and *Robert Lee Simpson,* for the plaintiff in error.

*William L. Parker* and *Richard B. Kellam,* for the defendant in error.

HUDGINS, C.J., delivered the opinion of the court.

The same J. E. C. Davis and thirteen other citizens of Princess Anne county who filed a complaint praying for the removal of C. Roger Malbon as sheriff of the county, for neglect of official duty, filed a similar complaint in this case making the same charges against Reeves E. Johnson as chief of police of the city of Virginia Beach and praying that he be removed from office. This writ of error was granted to review the judgment finding the defendant not guilty of the charges and dismissing the rule.

The testimony for the Commonwealth in this case is practically the same and in most instances given by the same witnesses as in the Malbon case, except that the testimony concerning gambling and illegal sales of intoxicants was limited to the establishments located in the city.

Defendant denied the charges and stated that he had used his honest efforts to prevent violations of law and to obtain evidence to convict all such violators known by or reported to him. He introduced evidence tending to show how active he and the police officers under him had been in arresting and prosecuting violators of the criminal laws. He put his character in issue by introducing a large number of respectable citizens who said that his reputation for truth and veracity was good as was his reputation for honesty in enforcement of the law. This good reputation was not challenged.

The chief of police of the city of Virginia Beach is an appointive officer, hence, the court without a jury determined the issues of fact as required by Code sec. 15-503. While there is no substantial conflict in the testimony, reasonable men might draw different inferences therefrom; this being true, the finding of fact by the trial court is as binding upon this court as is a verdict of a jury.

The Commonwealth makes the same contentions in this case, as it made in *Commonwealth* v. *Malbon*, the opinion in which case is announced at this session of the court. For the reasons therein stated, these contentions are rejected and the judgment of the trial court is affirmed.

*Affirmed.*